UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DARRELL J. HARPER,

      Plaintiff,

v.                                     Civil Action No. 15-341 (UNA)

STATE OF TEXAS,

      Defendant.

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. The application will be granted and the complaint will be dismissed for lack of subject matter jurisdiction.

The plaintiff purports to bring this action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), against the State of Texas. Compl. at 1. He claims that the State of Texas is so "tainted with Ku Klux Klan" that his conviction and sentence in the Texas courts are unconstitutional. *Id*. at 2. He demands damages of $100,000,000.00. *Id*.

The Eleventh Amendment to the U.S. Constitution immunizes a state from suit in federal court, unless immunity is waived. *See College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675–76 (1999); *Keenan v. Washington Metro. Area Transit Auth.*, 643 F. Supp. 324, 327–28 (D.D.C. 1986) (citing cases). A waiver is found "only where stated 'by the most express language or by such overwhelming implications from the test as [will] leave no room for any other reasonable construction.'" *Morris v. Washington Metro. Area Transit Auth.*, 781 F.2d 218, 221 (D.C. Cir. 1986) (internal citations omitted). And because *Bivens* creates a cause of action against federal officials shown to have violated an individual's

constitutional rights while acting under color of federal authority, it does not apply to state action. For these reasons, the complaint will be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting). An Order is issued separately.

DATE: 6/8/15

United States District Judge